UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL HOLMBERG,<br><br>                    Plaintiff,<br><br>     v.<br><br>ELDON VAIL, DAN PACHOLKE,<br>PATRICK GLEBE, WANDA McRAE,<br>CHERYL SULLIVAN, and JOHN AND<br>JANE DOES 1-5,<br><br>                    Defendants. | No. C11-5449 BHS/KLS<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR LEAVE TO FILE AN<br>AMENDED COMPLAINT |

Before the Court is Plaintiff's Motion for Leave to Amend and File Amended Complaint. ECF No. 32. Having considered the motion, Defendants' opposition (ECF No. 35), Plaintiff's reply (ECF No. 36), and balance of the record, the Court finds that Plaintiff's motion will be denied.

**BACKGROUND**

On June 13, 2011, Plaintiff filed his complaint naming five defendants and five causes of action. ECF No. 5. On September 19, 2011, Defendants moved to dismiss all Defendants except for Plaintiff's Count IV retaliation and Fourteenth Amendment claim as to Defendant Sullivan. ECF No. 16. Defendants also moved to stay discovery. *Id.* On January 3, 2012, the undersigned entered a Report and Recommendation recommending that Defendants' motion be granted. ECF No. 22. On February 6, 2012, the Court entered an Order adopting the Report and Recommendation. ECF No. 23.

ORDER DENYING MOTION TO AMEND - 1

On March 14, 2012, the Court lifted the stay and entered an Amended Pretrial Scheduling Order. ECF No. 26. On June 14, 2012, Plaintiff filed this motion to amend. ECF No. 32. On June 22, 2012, Defendant Sullivan filed a Motion for Summary Judgment. ECF No. 34.

Plaintiff's sole remaining claim is that Defendant Sullivan retaliated against him by allegedly interfering with his mail when he attempted to send a check from Stafford Creek Corrections Center (SCCC) to another institution for a public disclosure request. ECF No. 5. Plaintiff now moves to supplement his complaint with the following new defendants and claims:

> 1) Add Mark Dragoo, a mailroom employee, to his existing claim (this is the sole item that Plaintiff attempts to amend that involves events prior to the filing of the complaint). ECF No. 32 at 10-11.
>
> 2) Add a claim against Intelligence and Investigation Unit Chief Corydon Whaley for having emails withheld for a period including a time period after the filing of the complaint. *Id.,* at 7-8.
>
> 3) Add a claim against dismissed Defendant Glebe that Plaintiff was told to re-write an unrelated grievance after the filing of the original complaint. *Id.*, at 8;
>
> 4) Add a claim against Secretary of Corrections Warner and Michael Watkins regarding a "veiled retaliatory threat of transfer," after the filing of the original complaint. *Id.*, at 9.
>
> 5) Add claims against dismissed Defendant Glebe and Defendant Sullivan regarding other offenders' mail being allegedly improperly rejected, including a time period after the filing of the complaint response. *Id.*, at 9-10. In Count V, Plaintiff claims constitutional violations for mail rejections of incoming mail addressed to inmates Sandoval, Polston, Braaten, Bryan, and Boyer. *Id.*

**DISCUSSION**

When a party seeks to file additional causes of action based on facts that did not exist when the original complaint was filed, Fed.R.Civ.P. 15(d) governs. *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010); *See also Cabrera v. City of Huntington Park,* 159 F.3d 374, 382 (1998) ("Rule 15(d) permits the filing of a supplemental pleading which introduces a cause

ORDER DENYING MOTION TO AMEND - 2

of action not alleged in the original complaint and not in existence when the original complaint was filed.") (quotation omitted).  FRCP 15(d) provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).  The purpose of CR 15(d) is to promote "judicial economy and convenience" by allowing a party to bring in claims related to its original claims that occurred after the party filed its last complaint.  *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  However, "[w]hile leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'"  *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir.1997); *see also* 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 1509 (1990) (noting that leave to file a supplemental pleading will be denied where "the supplemental pleading could be the subject of a separate action").

    The threshold consideration for the district court is whether "the supplemental facts connect [the supplemental pleading] to the original pleading."  *Weeks v. New York State (Div. of Parole)*, 273 F.3d 76, 88 (2nd Cir.2001).  Even if the district court determines that a motion to supplement meets the threshold consideration, it may still deny the motion if it finds undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility.  *Id.*

    Plaintiff's proposed supplemental complaint contains no new claims against the remaining defendant in this case, but instead raises entirely new claims against entirely new defendants (or defendants who have already been dismissed) and also includes claims that

ORDER DENYING MOTION TO AMEND - 3

involve other prisoners' mail that bear no relation to the subject matter at hand. Although he argues that these claims taken together represent a "pattern" of wrongdoing within the SCCC mailroom, his proposed new claims have no relation to the remaining claim in this lawsuit. Because these proposed additional claims represent a "separate, distinct and new cause of action," they should be brought as such. *See Planned Parenthood of Southern Arizona*, 130 F.3d at 402.

Moreover, allowing an amendment at this stage in the litigation would be dilatory and cause undue prejudice. This case has been narrowed to one defendant and one claim. This sole remaining claim is ready to be adjudicated and a motion for summary judgment on the merits of the claim is pending. ECF No. 34.

In addition, Plaintiff alleges injuries suffered by persons other than himself. *See* ECF No. 32, 9-10.3 In Count V, Plaintiff claims constitutional violations for mail rejections of incoming mail addressed to inmates Sandoval, Polston, Braaten, Bryan, and Boyer. *Id.* He lacks standing to bring these claims. A plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of a third party. *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982); *see also* C.*E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987) (explaining that a non-attorney "may appear in propria persona in his own behalf" but "has no authority to appear as an attorney for others"); *McShane v. U.S.*, 366 F.2d 286, 289 (1966). When a party lacks standing, the court lacks subject matter jurisdiction to address the merits of the claim. *Fleck and Assoc., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106 (9th Cir.2006) ("Because [the plaintiff] lacked standing ... the district court lacked subject matter jurisdiction and should have dismissed the complaint on that ground alone.").

ORDER DENYING MOTION TO AMEND - 4

Plaintiff's attempt to add Mark Dragoo to the remaining retaliation claim against Defendant Sullivan is similarly prejudicial and futile.

A party may amend its complaint with the court's leave, and leave shall be freely given where "justice so requires." *Theme Promotions, Inc. v. News America Marketing FSI*, 546 F.3d 991, 1010 (9th Cir.2008) (citing to Fed. R. Civ. P. 15). Although the courts apply this policy liberally, leave to amend will not be granted where an amendment would be futile. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987)); *Johnson v. American Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir.1987) ("courts have discretion to deny leave to amend a complaint for ' futility,' and futility includes the inevitability of a claim's defeat on summary judgment."); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986) ("any amendment would have been futile in that it could be defeated on a motion for summary judgment"). Additionally, although leave to amend pleadings may be granted regardless of the length of time of delay by the moving party, a Court is within its discretion to deny amending a complaint absent a showing of bad faith by the moving party or prejudice to the opposing party. *See United States v. Webb*, 655 F.2d 977 (9th Cir. 1981); *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

As noted above, there remains only one defendant and one claim left in this lawsuit and that claim is now the subject of a pending motion for summary judgment. *See Roberts v. Arizona Bd. of Regents*, 661 F.2d 796 (9th Cir. 1981) (district court did not abuse its discretion when it denied motion to amend when issue was raised at the eleventh hour, after discovery was virtually complete and there was a pending summary judgment motion). Allowing an amendment at this juncture would unfairly delay resolution of this claim.

ORDER DENYING MOTION TO AMEND - 5

In addition, allowing the amendment to add Mr. Dragoo would be futile as Plaintiff has failed to allege a constitutional violation as to this individual and the claim would, therefore, not survive a motion to dismiss. Plaintiff alleges that Mr. Dragoo was involved with his missing check, but other than that conclusory statement, he provides no facts. ECF No. 32 at 6-7. 10-11. *See also Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976) (A motion to dismiss only admits, for the purposes of the motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations); *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983). Plaintiff argues in his reply that "evidence suggests" that Mr. Dragoo was involved in handling his check. He points to a DOC investigation of his grievance dated March 8, 2011. ECF No. 36, at 16. However, the investigation, which occurred over a year ago, indicates merely Mr. Dragoo merely processed a sealed envelope and had no knowledge of its contents. *Id.*, at 16.

It is, therefore, **ORDERED:**

(1)   Plaintiff's Motion to Amend (ECF No. 32) is **DENIED.**

(2)   The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this  1st  day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO AMEND - 6