UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL HOLMBERG,<br><br>                         Plaintiff,<br>  v.<br><br>ELDON VAIL, DAN PACHOLKE,<br>PATRICK GLEBE, WANDA McRAE,<br>CHERYL SULLIVAN, and JOHN AND<br>JANE DOES 1-5,<br><br>                        Defendants. | No. C11-5449 BHS/KLS<br><br>ORDER DENYING MOTION TO COMPEL |

      Before the Court is Plaintiff Michael Holmberg's motion to compel and for sanctions. ECF No. 39. In particular, Plaintiff asks the Court to order Defendants to: (1) immediately produce outstanding discovery; (2) bill him, producing the discovery pursuant to RCW 72.09.450(1)(2); (3) produce the outstanding discovery for his inspection where he is incarcerated within the next ten business days; or (4) order counsel for Defendants to advise the Department of Corrections to grant his request to pay the discovery copy fees. *Id.* Plaintiff further requests the Court to sanction Defendants and their counsel for failing to confer in good faith. *Id.*

      Plaintiff's sole remaining claim in this matter is against Defendant Sullivan for retaliation and the unlawful restriction of his outgoing mail. ECF Nos. 5, 22, and 23. Defendant Sullivan filed a response (ECF No. 41) and Plaintiff filed a reply (ECF No. 46). The motion is denied.

ORDER - 1

**DISCUSSION**

**A.    Motion for Sanctions**

In addition to his discovery request, Mr. Holmberg requests the imposition of sanctions against Defendants and counsel for "failing to confer in good faith in this matter." ECF No. 39, p. 1.

While a party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby," the motion must also include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B).  In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference."  Local Rule CR 37(a)(2)(A).

Plaintiff seeks sanctions because he alleges that "[t]he Defendant and counsel have failed or refused to confer, ignoring all my attempts to resolve this matter."  ECF No. 39, p. 3.  He alleges that counsel for Defendant refused to meet and confer through May 18, 2012 to July 17, 2012. *Id.*  Plaintiff admits, however, that he and counsel met and conferred on May 8, 2012:

> On May 8, 2012 we conferred telephonically concerning the refusal to produce the grievances and demand pre-payment of copy costs prior to production.

*Id.* at 2; *see also Id.* at 6.  Plaintiff and counsel for Defendant Sullivan disagree on whether their subsequent correspondence and a missed telephone call should constitute attempts to confer.  Regardless, it appears to the Court that Plaintiff was acting in good faith to continue to "negotiate" the production of the outstanding discovery.  However, there is no evidence that Defendant Sullivan was acting in bad faith or was engaging in willful "spoliation" as alleged by Plaintiff.  Therefore, Plaintiff's motion for sanctions is **Denied**.

ORDER - 2

**B.      Motion to Compel Discovery**

In response to Plaintiff's First Request for Production of Documents, Defendant Sullivan indicated that various documents responsive to Plaintiff's requests were "available for inspection and review by Plaintiff's representative, by CD, or Defendants will provide copies of the records requested at a rate of 10 cents per page in addition to postage costs." *See* ECF No. 39, pp. 10-15.

The issue before the Court is related to the cost of the requested discovery. Plaintiff seeks an order compelling Defendant to provide him with hard copies of the discovery at Defendant's expense, to allow him to debit his Department of Corrections' account, to produce the outstanding discovery for his inspection at his location, or to allow him to use his personal inmate saving account to pay the discovery costs. ECF No. 39.

Fed. R. Civ. P. 34(a)(1) requires the party upon whom the discovery request was served "to produce and permit the requesting party or its representative to inspect, copy, test or sample ..." the items that are deemed responsive to his request. Nothing in Rule 34 requires the producing party to bear the costs associated with the production. Defendant Sullivan provided Mr. Holmberg with three options to inspect the documents responsive to his discovery requests: (1) they are available for inspection and review by Mr. Holmberg's representative; (2) they will be produced on CD; or (3) they will be produced in hard copies at a rate of 10 cents per page in addition to postage costs. These options clearly comport with the requirements of Rule 34 and therefore, Mr. Holmberg's motion to compel shall be denied.

Despite his *in forma pauperis* status, Mr. Holmberg remains responsible for prosecuting his case and for funding his litigation. *See, United States v. MacCollom*, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ..."). The *in forma pauperis*

ORDER - 3

statute, 28 U.S.C. § 1915, provides for the payment of filing fee and service of process only. In *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir.2011), the Ninth Circuit reiterated the limited role of prison authorities in assisting prisoners with their litigation. Prison authorities are only required to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Silva*, 658 F.3d at 1102 (quoting *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)). The Court further held that this assistance is only limited to the pleading stage. *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 384, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)).

Also, as noted by the Defendant, the DOC is not a party to this litigation and the Court therefore, has no jurisdiction over it.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to compel (ECF No. 39) is **DENIED**.

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this  10th  day of September, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4